IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV112-01-MU

JAMES K. MOORE, Jr., )
 )
      Plaintiff, )
 )
v. ) **O R D E R**
 )
U.S. PAROLE COMMISSION, et al., )
 )
      Defendants. )
 )

**THIS MATTER** comes before the Court for initial review upon Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed March 13, 2007.

In his Complaint, Plaintiff alleges that the doctors in the Mecklenburg County Jail have not prescribed him the proper medication for his bipolar condition. In addition, Plaintiff alleges that he has been required to sleep on the floor for an unspecified number of nights.

As an initial matter, the Court notes that the United States Parole Commission is not a proper party in a § 1983 lawsuit. In order to state a claim under 42 U.S.C. § 1983, a Plaintiff must establish that one of his constitutional rights (or federal statutory rights) was violated by a person acting under the color of state law. 42 U.S.C. § 1983. The United States Parole Commission is not a state actor.

Likewise, Plaintiff also fails to state a claim against Defendant Pendergraph[1] because

---

[1] The Court notes that it is not clear if Plaintiff intended to name the Mecklenburg County Jail and Sheriff Pendergraph both as defendants in addition to the U.S. Parole Commission. It does not matter as Plaintiff also fails to state a claim against the Mecklenburg County Jail. In order to state a claim of municipal liability a Plaintiff must allege that his injury was caused by the execution of a municipal custom or policy. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Plaintiff does not allege that he slept on the floor pursuant to a custom or policy.

supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Plaintiff has not satisfied this criteria and therefore his claim must fail.

Moreover, regardless of who Plaintiff has sued, he has failed to state a § 1983 claim. That is, as evidenced by Plaintiff's own version of the events, Plaintiff has received ongoing medical care for his disorder. Plaintiff, however, disagrees with the drugs prescribed for him by his doctor. Plaintiff's allegations do not amount to deliberate indifference to a serious medical need. At the very most, Plaintiff's Complaint states a claim of medical malpractice, not a claim under §1983. Mere malpractice or negligence in diagnosis or treatment does not state constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

Plaintiff also alleges that he has been required to sleep on the floor. Plaintiff provides no further specifics. Having an inmate sleep on the floor is not a per se constitutional violation and as such Plaintiff has failed to state an Eighth Amendment claim.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is **DISMISSED** for failure to state a claim.

Signed: March 27, 2007

Graham C. Mullen
United States District Judge